UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| JAMES PATRICK BOYER, an individual; CATHERINE BOYER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>REED SMITH, LLP, a Delaware limited liability partnership; JAMES J. BARNES, an individual; LMJ ENTERPRISES, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. C12-05815 RJB<br><br>**ORDER RE: MOTION TO COMPEL DISCOVERY FROM DEFENDANTS** |

This matter comes before the Court Plaintiff's Motion to Compel Discovery from Defendants. Dkt. 32. The Court has considered the pleadings in support and in opposition to the motion and the record herein.

The thrust of Plaintiffs' motion is the Defendants' privilege assertions without production of a privilege log. Plaintiffs contend Defendants have waived any privilege by not timely providing a privilege log and request an order compelling discovery. In the alternative, Plaintiffs request an order compelling Plaintiffs to provide a privilege log.

Under Federal Rule of Civil Procedure 26(b)(5), when a party withholds discovery on the basis of privilege, it must provide a privilege log. But the failure to provide a timely or sufficient privilege log does not automatically waive the attorney-client privilege. Instead, the Ninth

Page 1 –   **ORDER RE: MOTION TO COMPEL DISCOVERY**

Circuit has instructed district courts to conduct a "holistic reasonableness analysis," and apply the following factors in determining whether a privilege has been waived:

> ... the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); the magnitude of the document production; and other particular circumstances of the litigation that make responding to discovery unusually easy ... or unusually hard.

*Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005).

At this stage of the proceedings, the only truly disputed factor is the nature of Defendants' objections and timeliness of a privilege log. According to Plaintiffs, Defendants initially provided boilerplate privilege assertions in their responses to discovery and only in the face of this motion have agreed to provide a privilege log. Defendants assert that Plaintiffs' motion is premature and unwarranted as they were in middle of the meet and confer process concerning the assertions of privilege and Defendants are in the process of providing a privilege log.

The circumstances of this litigation do not warrant a waiver based solely on the failure to provide a timely privilege log. Nor are terms to be assessed against Defendants. Defendants will be provided the opportunity to produce an appropriate privilege log. The privilege log must document which documents are withheld and describe "the nature of the documents, communications, or tangible things not produced or disclosed-and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). Based on the complexity of this case and volume and timing of document production, Plaintiffs have recently obtained an extension of the discovery deadline to August 7, 2013. In light of this extension of discovery, Plaintiffs should have ample opportunity to assess Defendants' privilege log.

Therefore it is hereby **ORDERED**:

Plaintiff's Motion to Compel Discovery (Dkt. 32) is **GRANTED IN PART**. On or before June 21, 2013, Defendants must provide a valid privilege log. Failure to do so may result in the imposition of sanctions.

DATED: June 10, 2013.

ROBERT J. BRYAN
United States District Judge

Page 3 –   **ORDER RE: MOTION TO COMPEL DISCOVERY**