1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

12

13

14

15

16

17

18

| | |
|---|---|
| JAMES PATRICK BOYER, an individual; CATHERINE BOYER, an individual, | CASE NO. C12-5815 RJB |
| Plaintiffs, | ORDER GRANTING DEFENDANT REED SMITH'S MOTION FOR PROTECTIVE ORDER REGARDING SCOPE OF RULE 30(B)(6) DEPOSITION |
| v. | |
| REED SMITH, LLP, a Delaware limited liability partnership; JAMES J. BARNES, an individual; LMJ ENTERPRISES, LLC, a Delaware limited liability company, | |
| Defendants. | |

19

20

21

        This matter comes before the Court on Defendant Reed Smith, LLP's motion for a protective order pursuant to Fed. R. Civ. P. 26(c)(1)(D).  Dkt. 52.  The Court has considered the pleadings in support and in opposition to the motion and the record herein.

22

23

24

## INTRODUCTION AND BACKGROUND

In November 2006, Pat Boyer, alongside LMJ Enterprises, LLC (LMJ), invested in Turning Wheel, a Florida-based company that operated multiple RV dealerships. Dkt. 1. Over the next three plus years, Boyer would make additional investments in the company. *Id.* Boyer alleges that his collective investments totaled over $4.1 million. *Id.* Turning Wheel failed and was closed for business in November 2010. *Id.*

The Boyers filed the instant lawsuit against LMJ, James Barnes, and Reed Smith, LLP. Dkt. 1. The Boyers assert three causes of action against Defendant Reed Smith: (1) Washington State Securities Act violations; (2) constructive fraud; and (3) negligent misrepresentation. *Id.*

LMJ was a personal investment vehicle for its three members James Barnes, Renaldo Jerrell, and Harry Hardwick. Barnes is a partner in the law firm of Reed Smith, LLP. Dkt. 12. Reed Smith's principal place of business is located in Pittsburgh, Pennsylvania and Barnes is the office managing partner of Reed Smith's Pittsburgh office. Reed Smith employs over 1800 lawyers across more than two dozen offices throughout the United States, Europe, the Middle East, and Asia. Dkt. 52. Reed Smith attorneys provide their clients with a full spectrum of legal services including litigation, transactional, regulatory, bankruptcy, trusts and estates, and tax services. *Id.*

On August 23, 2013, Plaintiffs served Reed Smith with notice of its intent to take a Rule 30(b)(6) deposition. Dkt. 53 pp. 5-8. The notice enumerated sixteen separate topics for examination. *Id.* Reed Smith provided its response and objections to the 30(b)(6) notice on September 6. Dkt. 53 pp. 10-16. In its response, Reed Smith agreed to provide a designee to testify regarding:

ORDER GRANTING DEFENDANT REED
SMITH'S MOTION FOR PROTECTIVE ORDER
REGARDING SCOPE OF RULE 30(B)(6)
DEPOSITION- 2

Reed Smith's policy and practices with respect to its individual partners' acquisition, ownership, or sale of interests in other businesses, partnerships, or corporations (Topic 3);

Reed Smith's policy and practices with respect to its individual partners selling or facilitating the sale of securities for personal benefit (Topic 4);

Reed Smith's policy and practices with respect to assisting its partners in the solicitation of capital for their personal businesses or ventures (Topic 5);

Reed Smith's policy and practices with respect to providing legal services for its individual partners or their separate, personal businesses or ventures (Topic 6);

Reed Smith's policy and practices with respect to authorizing individual partners to perform legal services for third parties separate from work performed on behalf of Reed Smith (Topic 12);

Reed Smith would provide a witness to testify to the written duties of an office Managing Partner; and

Reed Smith's policy and practices with respect to partners, attorneys, and employees utilizing Reed Smith's resources, including facilities, computers, printers, programs, email accounts, letterhead, office supplies, attorneys, and for support staff for personal, extra-curricular, or non-Reed Smith business (Topic 15).

Dkt. 53 pp. 10-16. Each of the responses carried a qualifier — that no one could ever describe all "practices" under a policy because of the vast number of attorneys, clients, and circumstances that occur and because of the implications testimony on such individualized "practices" would have upon the paramount need to preserve client confidences and privileges. *Id.*

On September 23, 2013, counsel for the parties addressed the objections to the Rule 30(b)(6) deposition by telephone conference. Dkt. 53 p. 2. Although the conference call resolved certain objections, the scope of deposition as to "practices" remained unresolved. Dkt. 53 pp. 38-41. The instant motion for a protective order followed.

Reed Smith selected the Office Managing Partner (OMP) at its San Francisco office as its Rule 30(b)(6) designee. Dkt. 56-1. During the course of the Rule 30(b)(6) deposition the OMP

ORDER GRANTING DEFENDANT REED
SMITH'S MOTION FOR PROTECTIVE ORDER
REGARDING SCOPE OF RULE 30(B)(6)
DEPOSITION- 3

1  was instructed not to answer a series of questions related to whether certain documents or

2  practices were in accord with written policies of Reed Smith.  Dkt. 56-1 pp. 9-16.  The

3  deposition was concluded without the designee answering any specific questions regarding

4  whether certain specific practices were in compliance with Reed Smith written policies.  Dkt. 56-

5  1.

6                    **SCOPE OF RULE 30(b)(6) DEPOSITION**

7          Pursuant to Fed. R .Civ. P. 30(b)(6), a party may serve notice on an organization that

8  describes "with reasonable particularity the matters on which examination is requested."  The

9  noticed organization must then "designate one or more officers, directors, or managing agents, or

10  other persons who consent to testify on its behalf."  Fed. R. Civ. P. 30(b)(6).  "The persons so

11  designated shall testify as to the matters known or reasonably available to the organization."

12  Fed. R. Civ. P. 30(b)(6).

13          Although there is conflicting case law from other circuits on the proper scope of a Rule

14  30(b)(6) deposition in light of its "reasonable particularity" requirement, districts in the Ninth

15  Circuit have concluded that "[o]nce the witness satisfies the minimum standard [for serving as a

16  designated witness], the scope of the deposition is determined solely by relevance under Rule 26,

17  that is, that the evidence sought may lead to the discovery of admissible evidence." *Detoy v. City*

18  *and County of San Francisco*, 196 F.R.D. 362, 367 (N.D. Cal. 2000); see also *U.S. E.E.O. V. v.*

19  *Caesars Entertainment, Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

20          Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any

21  nonprivileged matter that is relevant to any party's claim or defense ...   Relevant information

22  need not be admissible at the trial if the discovery appears reasonably calculated to lead to the

23  discovery of admissible evidence."  The scope of discovery permissible under Rule 26 should be

24

ORDER GRANTING DEFENDANT REED
SMITH'S MOTION FOR PROTECTIVE ORDER
REGARDING SCOPE OF RULE 30(B)(6)
DEPOSITION- 4

1   liberally construed; the rule contemplates discovery into any matter that bears on or that

2   reasonably could lead to other matter that could bear on any issue that is or may be raised in a

3   case. *Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 575 (N.D. Cal. 2008).

4   Discovery is not limited to the issues raised only in the pleadings, but rather it is designed to

5   define and clarify the issues. *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992).

6          In turn, Fed. R. Civ. P. 26(b)(2)(c) provides that "[o]n motion or on its own, the court

7   must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule

8   if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be

9   obtained from some other source that is more convenient, less burdensome, or less expensive; (ii)

10  the party seeking discovery has had ample opportunity to obtain the information by discovery in

11  the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit,

12  considering the needs of the case, the amount in controversy, the parties' resources, the

13  importance of the issues at stake in the action, and the importance of the discovery in resolving

14  the issues." Fed. R. Civ .P. 26(c)(1) provides that a court "may, for good cause, issue an order to

15  protect a party or person from annoyance, embarrassment, oppression, or undue burden or

16  expense." To establish "good cause," a party seeking a protective order for discovery materials

17  must "present a factual showing of a particular and specific need for the protective order." *Welsh*

18  *v. City and County of San Francisco*, 887 F.Supp. 1293, 1297 (N.D. Cal. 1995); see also *Gen.*

19  *Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973). In determining whether

20  to issue a protective order, courts must consider "the relative hardship to the non-moving party

21  should the protective order be granted." *Gen. Dynamics*, 481 F.2d at 1212. Under the liberal

22  discovery principles of the Federal Rules, a party seeking a protective order carries a heavy

23  burden of showing why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418,

24

ORDER GRANTING DEFENDANT REED
SMITH'S MOTION FOR PROTECTIVE ORDER
REGARDING SCOPE OF RULE 30(B)(6)
DEPOSITION- 5

1    429 (9th Cir. 1975).  The court may fashion any order which justice requires to protect a party, or

2    person, from undue burden, oppression, or expense.  *United States v. Columbia Broadcasting*

3    *System, Inc.*, 666 F.2d 364, 369 (9th Cir. 1982).

4       The Court finds the decision of *Dagdagan v. City of Vallejo*, 263 F.R.D. 632 (E.D. Cal.

5    2010) persuasive.  In *Dagdagan*, the City of Vallejo designated a police sergeant as its Rule

6    30(b)(6) witness to answer questions concerning the training given to Vallejo police officers on

7    search and seizure procedures, the use of force, and specifically, the use of tasers.  *Id.* p. 639.

8    The designee testified as to the policies and training provided.  However, when questioned as to

9    whether certain practices complied with City policies, the witness was directed by the City's

10   counsel not to respond as the questions on the basis they were outside the scope of the Rule

11   30(b)(6) designation and/or sought expert opinion.  *Id.*  The court agreed.  The Rule 30(b)(6)

12   designee is required to answer as to  matters known or reasonably available to the City.

13   Questions as to whether certain practices or documents reflect compliance, or non-compliance,

14   with the stated policies are outside the purview of a Rule 30(b)(6) designee.  The questions of

15   whether certain practices adhere to the policies are questions which are appropriate for other

16   witnesses.  *Id.* at 639-40.

17      It appears that the same conduct occurred in the deposition of Reed Smith's designee.  As

18   noted by Plaintiffs, counsel for Reed Smith instructed the Rule 30(6)(b) designee "not to answer

19   a series of questions related to whether certain documents or practices were in accord with

20   various Reed Smith stated, written policies."  Dkt. 55 p. 6.[1]  This is the type of inquiry found to

21   be beyond the scope of a Rule 30(b)(6) deposition.  Plaintiff is not permitted to request an expert

22   _____

23     [1] The parties should review and adhere to the Minute Order Regarding Discovery and
Depositions.  Particular attention should be given to part 2(c) Directions Not to Answer.  See

24   Dkt. 6

ORDER GRANTING DEFENDANT REED
SMITH'S MOTION FOR PROTECTIVE ORDER
REGARDING SCOPE OF RULE 30(B)(6)
DEPOSITION- 6

1  opinion as to whether certain "practices" complied with corporate "policies."  The inquiry must

2  be confined to matters "known or reasonably available to the organization."

3       The designation of Defendant Barnes as Reed Smith's Rule 30(b)(6) witness in regard to

4  the topic of Reed Smith's history and relationship with LMJ Enterprises, LLC. is permissible.

5  The Plaintiffs are entitled to depose Defendant Barnes individually either prior to, or subsequent

6  to his Rule 30(b)(6) examination.  For the convenience of all parties, this dual examination

7  should be conducted on the same day at the same location.

8  **CONCLUSION**

9       The deposition of Reed Smith's Fed. R. Civ. P. 30(b)(6) designee has occurred.  It

10  appears the only questions objected to and unanswered were of the type prohibited as beyond the

11  scope of the deposition.  Defendant Reed Smith is entitled to a protective order.

12       Therefore, it is hereby **ORDERED:**

13       Defendant Reed Smith, LLP's Motion for Protective Order Regarding Scope of 30(b)(6)

14  Deposition (Dkt. 52) is **GRANTED**.

15       Dated this 21st day of October, 2013.

ROBERT J. BRYAN
United States District Judge

ORDER GRANTING DEFENDANT REED
SMITH'S MOTION FOR PROTECTIVE ORDER
REGARDING SCOPE OF RULE 30(B)(6)
DEPOSITION- 7