UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES PATRICK BOYER, an individual; CATHERINE BOYER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>REED SMITH, LLP, a Delaware limited liability partnership; JAMES J. BARNES, an individual; LMJ ENTERPRISES, LLC, a Delaware limited liability company,,<br><br>Defendants. | CASE NO. C12-5815 RJB<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on Plaintiffs' motion for protective order. Dkt. 61. The Court has considered the pleadings in support and in opposition to the motion and the record herein.

**INTRODUCTION AND BACKGROUND**

Plaintiffs move for a protective order that precludes Defendants from seeking and obtaining discovery from Plaintiffs and third parties in connection with Plaintiffs' sale of interest in their company, Allstar Magnetics in or around 2011. Dkt. 61 p. 2. In connection with the requested protective order, Plaintiffs also seek to quash seven subpoenas issued to the entities

involved in the sale transaction. *Id*. at p. 3.  Plaintiffs contend that the sought after discovery is highly sensitive financial information, not relevant, nor capable of leading to information that is relevant to this case. *Id.* at p. 8-9.  Defendants counter that the sale of Allstar Magnetics is a "critical piece of the Turning Wheel story," and "relate directly Plaintiffs other investments in Turning Wheel" that are the subject of this litigation.  Dkt. 63 pp. 2-3.

## SCOPE OF DISCOVERY

Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." The scope of discovery permissible under Rule 26 should be liberally construed; the rule contemplates discovery into any matter that bears on or that reasonably could lead to other matter that could bear on any issue that is or may be raised in a case. *Phoenix Solutions Inc. v. Wells Fargo Bank, N.A*., 254 F.R.D. 568, 575 (N.D. Cal. 2008). Discovery is not limited to the issues raised only in the pleadings, but rather it is designed to define and clarify the issues. *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992).

In turn, Fed. R. Civ. P. 26(b)(2)(c) provides that "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving

1  the issues." Fed. R. Civ. P. 26(c)(1) provides that a court "may, for good cause, issue an order to

2  protect a party or person from annoyance, embarrassment, oppression, or undue burden or

3  expense." To establish "good cause," a party seeking a protective order for discovery materials

4  must "present a factual showing of a particular and specific need for the protective order." *Welsh*

5  *v. City and County of San Francisco*, 887 F.Supp. 1293, 1297 (N.D. Cal. 1995). In determining

6  whether to issue a protective order, courts must consider "the relative hardship to the non-moving

7  party should the protective order be granted." *Gen. Dynamics v. Selb Mfg. Co.,* 481 F.2d 1204,

8  1212 (8th Cir. 1973). Under the liberal discovery principles of the Federal Rules, a party seeking

9  a protective order carries a heavy burden of showing why discovery should be denied.

10  *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

11  As noted above, discoverable information need not be admissible in trial, the rule

12  contemplates discovery into any matter that bears on or that reasonably could lead to other

13  matter that could bear on any issue that is or may be raised in a case. The Plaintiffs have failed

14  to carry the heavy burden of showing why discovery related to the sale of Allstar Magnetics

15  should be precluded.

## CONCLUSION

Therefore it is hereby ORDERED:

Plaintiff's motion for a protective order and request to squash subpoenas (Dkt. 61) is **DENIED.**

Dated this 19th day of November, 2013.

ROBERT J. BRYAN
United States District Judge